## BROOKS EQUIPMENT & MFG. CO. v. UNITED STATES.

### No. 49295.

United States Court of Claims.

Feb. 6, 1951.

Scott P. Crampton, Washington, D. C. (George E. H. Goodner and Dewey R. Roark, Jr., Washington, D. C., on the brief), for plaintiff.

John A. Rees, Washington, D. C., Theron Lamar Caudle, Asst. Atty. Gen. (Andrew D. Sharpe, Washington, D. C., on the brief), for defendants.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

Plaintiff sues for the tax levied on its undistributed net profits for the years 1936 and 1937. It claims it is not subject to the tax because the laws of Tennessee, under which it was incorporated, prohibited it

from distributing its net profits because prior to the years in question it had operated at a net loss. In 1935, it says, it had an accumulated net loss of $22,506.07. Therefore, it says it cannot be charged with an undistributed profits tax on its earnings for 1936, since these earnings were less than the net losses of the previous years, and, there still being a deficit, the law prohibited the payment of dividends.

After 1936 it still had a deficit of $16,295.42 and, hence, it says it is not liable for the undistributed net profits tax on its earnings for 1937.

It may be said in the beginning that it does seem a wee bit harsh to penalize a corporation for not distributing its profits when the reason for its action has no relation to taxes but is related alone to an effort to recoup its former capital losses. We have little doubt that if the problem of this taxpayer had been in the mind of Congress when it enacted the Revenue Act, it would have made an effort to take care of such situations. What it did do, however, was this: It provided that a corporation was entitled to the following credit, among others: "(3) *Deficit corporations.* In the case of a corporation having a deficit in accumulated earnings and profits as of the close of the preceding taxable year, the amount of such deficit, if the corporation is prohibited by a provision of a law or of an order of a public regulatory body from paying dividends during the existence of a deficit in accumulated earnings and profits, and if such provision was in effect prior to May 1, 1936." Revenue Act of 1936, sec. 26(c), 49 Stat. 1648, as amended by sec. 501 of the Revenue Act of 1942, c. 619, 56 Stat. 798, 26 U.S.C.A.Int.Rev.Acts, p. 344.

What we must determine, therefore, is whether the laws of Tennessee prevented the payment of dividends "during the existence of a deficit in accumulated earnings and profits." The writer of this opinion has been under the impression that this was prohibited, but counsel in the case at bar point to no case so holding; they say, in fact, that the Tennessee courts have not construed the Tennessee statute (R. 38). It is, therefore, our duty to construe it.

Section 3737 of Williams Tennessee Code Annotated (1934) reads in part: "3737. *"Dividends.*—Dividends may be paid to stockholders from a corporation's net earnings or from the surplus of its assets over its liabilities including capital, but not otherwise. * * *"

On its face this statute would seem to permit the payment of dividends (1) if the net earnings of the corporation for the current year were sufficient to take care of them; (2) if the surplus of its assets over liabilities was sufficient to do so.

It would seem that the legislators had in mind two things: (1) earnings for the current year; and (2) accumulated earnings. The permission to pay dividends is in the alternative: they may be paid from "net earnings", "or" from surplus. If "net earnings" was intended to mean surplus, that is, accumulated net earnings, there was no necessity for the addition of the words, "or from the surplus of its assets over its liabilities". It would seem that the statute permitted the payment of dividends out of surplus, or, if there was no surplus, out of current earnings, or vice versa.

At least the plaintiff has not shown us that the Tennessee statute prohibited the payment of these dividends and, if they did not, plaintiff is liable.

Plaintiff's petition will be dismissed.

JONES, Chief Judge, and HOWELL, MADDEN, and LITTLETON, Judges, concur.